# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| SHAWANDA WHITFIELD *for JDT, a minor*, <br>    Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, <br> *Commissioner of Social Security*,[1] <br>    Defendant. | ) <br> ) <br> ) <br> ) <br> )    CIVIL ACTION NO. 1:18-00412-N <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Shawanda Whitfield, on behalf of JDT, a minor, brought this action under 42 U.S.C. § 1383(c)(3) seeking judicial review of a final decision of the Defendant Commissioner of Social Security ("the Commissioner") denying JDT's application for supplemental security income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. § 1381, *et seq*.[2] Upon consideration of the parties' briefs (Docs. 13, 15) and those portions of the administrative record (Doc. 12) (hereinafter cited as "(R. [page number(s) in lower-right corner of transcript])") relevant to the

---

[1] Having been sworn in on June 17, 2019, Commissioner of Social Security Andrew M. Saul, as successor to Acting Commissioner Nancy A. Berryhill, is automatically substituted as the Defendant in this action under Federal Rule of Civil Procedure 25(d). (*See* https://www.ssa.gov/agency/commissioner.html & https://blog.ssa.gov/social-security-welcomes-its-new-commissioner (last visited Jan. 31, 2020)). This change does not affect the pendency of this action. See 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office."). The Clerk of Court is **DIRECTED** to update the docket heading accordingly.

[2] "Title XVI of the Act provides for the payment of disability benefits to indigent persons under the Supplemental Security Income (SSI) program." *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987) (citing 42 U.S.C. § 1382(a)).

issues raised, and with the benefit of oral argument, the Court finds that the Commissioner's final decision is due to be **AFFIRMED**.[3]

## I. *Procedural Background*

The subject application for SSI was filed on JDT's behalf with the Social Security Administration ("SSA") on January 13, 2016. After it was initially denied, JDT requested a hearing before an Administrative Law Judge ("ALJ") with the SSA's Office of Disability Adjudication and Review. A hearing was held on October 18, 2017. On January 31, 2018, the ALJ issued an unfavorable decision on JDT's application, finding JDT not disabled under the Social Security Act and thus not entitled to benefits. (*See* R. 14 – 31).

The Commissioner's decision on JDT's application became final when the Appeals Council denied JDT's request for review of the ALJ's unfavorable decision on August 18, 2018. (R. 1 – 5). Whitfield, on JDT's behalf, subsequently brought this action under § 1383(c)(3) for judicial review of the Commissioner's final decision. *See* 42 U.S.C. § 1383(c)(3) ("The final determination of the Commissioner of Social Security after a hearing [for SSI benefits] shall be subject to judicial review as provided in section 405(g) of this title to the same extent as the Commissioner's final determinations under section 405 of this title."); 42 U.S.C. § 405(g) ("Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy,

---

[3] With the consent of the parties, the Court has designated the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in this civil action, in accordance with 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and S.D. Ala. GenLR 73. (*See* Docs. 19, 20).

may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow."); *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1262 (11th Cir. 2007) ("The settled law of this Circuit is that a court may review, under sentence four of section 405(g), a denial of review by the Appeals Council.").

## II. *Standards of Review*

"In Social Security appeals, [the Court] must determine whether the Commissioner's decision is ' "supported by substantial evidence and based on proper legal standards. Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." ' " *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (quoting *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (per curiam) (internal citation omitted) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997))). In reviewing the Commissioner's factual findings, the Court " 'may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].' " *Id.* (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (alteration in original) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983))). " 'Even if the evidence preponderates against the [Commissioner]'s factual findings, [the Court] must affirm if the decision reached is supported by substantial evidence.' " *Ingram*, 496 F.3d at 1260 (quoting *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

Put another way, "[u]nder the substantial evidence standard, we cannot look at the evidence presented to [an administrative agency] to determine if interpretations of the evidence other than that made by the [agency] are possible. Rather, we review the evidence that was presented to determine if the findings made by the [agency] were unreasonable. To that end, [judicial] inquiry is highly deferential and we consider only whether there is substantial evidence for the findings made by the [agency], *not* whether there is substantial evidence for some *other* finding that could have been, but was not, made. That is, even if the evidence could support multiple conclusions, we must affirm the agency's decision unless there is no reasonable basis for that decision." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1029 (11th Cir. 2004) (en banc) (citations and quotation omitted).[4]

---

[4] *See also Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991) (per curiam) ("The court need not determine whether it would have reached a different result based upon the record" because "[e]ven if we find that the evidence preponderates against the [Commissioner]'s decision, we must affirm if the decision is supported by substantial evidence."); *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991) (under the substantial evidence standard, "we do not reverse the [Commissioner] even if this court, sitting as a finder of fact, would have reached a contrary result…"); *Hunter v. Soc. Sec. Admin., Comm'r*, 808 F.3d 818, 822 (11th Cir. 2015) ("In light of our deferential review, there is no inconsistency in finding that two successive ALJ decisions are supported by substantial evidence even when those decisions reach opposing conclusions. Faced with the same record, different ALJs could disagree with one another based on their respective credibility determinations and how each weighs the evidence. Both decisions could nonetheless be supported by evidence that reasonable minds would accept as adequate."); *Barron v. Sullivan*, 924 F.2d 227, 230 (11th Cir. 1991) ("Substantial evidence may even exist contrary to the findings of the ALJ, and we may have taken a different view of it as a factfinder. Yet, if there is substantially supportive evidence, the findings cannot be overturned."); *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), *as amended on reh'g* (Aug. 9, 2001) ("If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner.").

"Yet, within this narrowly circumscribed role, [courts] do not act as automatons. [The Court] must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence[.]" *Bloodsworth*, 703 F.2d at 1239 (citations and quotation omitted). *See also Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984) (per curiam) ("We are neither to conduct a de novo proceeding, nor to rubber stamp the administrative decisions that come before us. Rather, our function is to ensure that the decision was based on a reasonable and consistently applied standard, and was carefully considered in light of all the relevant facts."). "In determining whether substantial evidence exists, [a court] must…tak[e] into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). *See also McCruter v. Bowen*, 791 F.2d 1544, 1548 (11th Cir. 1986) ("We are constrained to conclude that the administrative agency here…reached the result that it did by focusing upon one aspect of the evidence and ignoring other parts of the record. In such circumstances we cannot properly find that the administrative decision is supported by substantial evidence. It is not enough to discover a piece of evidence which supports that decision, but to disregard other contrary evidence. The review must take into account and evaluate the record as a whole.").[5]

---

[5] Nevertheless, "district court judges are not required to ferret out delectable facts buried in a massive record," *Chavez v. Sec'y Fla. Dep't of Corr.*, 647 F.3d 1057, 1061 (11th Cir. 2011) (28 U.S.C. § 2254 habeas proceedings), and " '[t]here is no burden upon the district court to distill every potential argument that could be made based on the materials before it…' " *Solutia, Inc. v. McWane, Inc.*, 672 F.3d 1230, 1239 (11th Cir. 2012) (per curiam) (Fed. R. Civ. P. 56 motion for summary judgment) (quoting *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995)

Moreover, the "substantial evidence" "standard of review applies only to findings of fact. No similar presumption of validity attaches to the [Commissioner]'s conclusions of law, including determination of the proper standards to be applied in reviewing claims." *MacGregor v. Bowen,* 786 F.2d 1050, 1053 (11th Cir. 1986) (quotation omitted). *Accord, e.g., Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982) ("Our standard of review for appeals from the administrative denials of Social Security benefits dictates that '(t)he findings of the

---

(en banc)) (ellipsis added). Additionally, the Eleventh Circuit Court of Appeals, whose review of Social Security appeals "is the same as that of the district court[,]" *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996) (per curiam), generally deems waived claims of error not fairly raised in the district court. *See Stewart v. Dep't of Health & Human Servs.*, 26 F.3d 115, 115-16 (11th Cir. 1994) ("As a general principle, [the court of appeals] will not address an argument that has not been raised in the district court…Because Stewart did not present any of his assertions in the district court, we decline to consider them on appeal." (applying rule in appeal of judicial review under 42 U.S.C. §§ 405(g), 1383(c)(3)); *Crawford*, 363 F.3d at 1161 (same); *Hunter v. Comm'r of Soc. Sec.*, 651 F. App'x 958, 962 (11th Cir. 2016) (per curiam) (unpublished) (same); *Cooley v. Comm'r of Soc. Sec.*, 671 F. App'x 767, 769 (11th Cir. 2016) (per curiam) (unpublished) ("As a general rule, we do not consider arguments that have not been fairly presented to a respective agency or to the district court. *See Kelley v. Apfel*, 185 F.3d 1211, 1215 (11th Cir. 1999) (treating as waived a challenge to the administrative law judge's reliance on the testimony of a vocational expert that was 'not raise[d] . . . before the administrative agency or the district court')."); *In re Pan Am. World Airways, Inc., Maternity Leave Practices & Flight Attendant Weight Program Litig.*, 905 F.2d 1457, 1462 (11th Cir. 1990) ("[I]f a party hopes to preserve a claim, argument, theory, or defense for appeal, she must first clearly present it to the district court, that is, in such a way as to afford the district court an opportunity to recognize and rule on it."); *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999) (applying *In re Pan American World Airways* in Social Security appeal); *Sorter v. Soc. Sec. Admin., Comm'r*, 773 F. App'x 1070, 1073 (11th Cir. 2019) (per curiam) (unpublished) ("Sorter has abandoned on appeal the issue of whether the ALJ adequately considered her testimony regarding the side effects of her pain medication because her initial brief simply mentions the issue without providing any supporting argument. *See Singh v. U.S. Att'y Gen.*, 561 F.3d 1275, 1278–79 (11th Cir. 2009) (explaining that 'simply stating that an issue exists, without further argument or discussion, constitutes abandonment of that issue').").

Secretary as to any fact, if supported by substantial evidence, shall be conclusive ....' 42 U.S.C.A. s 405(g) ... As is plain from the statutory language, this deferential standard of review is applicable only to findings of fact made by the Secretary, and it is well established that no similar presumption of validity attaches to the Secretary's conclusions of law, including determination of the proper standards to be applied in reviewing claims." (some quotation marks omitted)). This Court "conduct[s] 'an exacting examination' of these factors." *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996) (per curiam) (quoting *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)). "'The [Commissioner]'s failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal.'" *Ingram*, 496 F.3d at 1260 (quoting *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991)). *Accord Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

In sum, courts "review the Commissioner's factual findings with deference and the Commissioner's legal conclusions with close scrutiny." *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). *See also Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam) ("In Social Security appeals, we review *de novo* the legal principles upon which the Commissioner's decision is based. *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). However, we review the resulting decision only to determine whether it is supported by substantial evidence. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158–59 (11th Cir. 2004).").

"Eligibility for…SSI requires that the claimant be disabled. 42 U.S.C. §…1382(a)(1)-(2)." *Thornton v. Comm'r, Soc. Sec. Admin.*, 597 F. App'x 604, 609 (11th Cir. 2015) (per curiam) (unpublished).[6] "An individual under the age of 18 shall be considered disabled … if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(C)(i). "Notwithstanding [§ 1382c(C)](i), no individual under the age of 18 who engages in substantial gainful activity … may be considered to be disabled." *Id.* § 1382c(C)(ii).

> The Social Security Administration uses a sequential, three-step analysis to determine whether a child is disabled. The claimant must establish (1) whether the child is working; (2) whether the child has a severe impairment or combination of impairments; and (3) whether the child's impairment or combination of impairments meets, medically equals, or functionally equals the severity of an impairment in the Listing of Impairments. 20 C.F.R. § 416.924(a); *id.* Pt. 404, Subpt. P, App. 1…
>
> …To determine whether an impairment or combination of impairments "functionally equals" a listed impairment, the administrative law judge assesses the claimant on six domains, including (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for himself; and (6) health and physical well-being. *Id.* §§ 416.926a(a), (b)(1), (d). The claimant must establish that he suffers from an "extreme" limitation in one of the domains, or "marked" limitations in two of the domains. *Id.* § 416.926a(a). A "marked" limitation is one that "interferes seriously

---

[6] In this Circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2. *See also Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 n.1 (11th Cir. 2015) (per curiam) ("Cases printed in the Federal Appendix are cited as persuasive authority.").

with [the claimant's] ability to independently initiate, sustain, or complete activities." *Id.* § 416.926a(e)(2)(i). " 'Marked' limitation also means a limitation that is 'more than moderate' but 'less than extreme.' It is the equivalent of the functioning we would expect to find on standardized testing with scores that are at least two, but less than three, standard deviations below the mean." *Id.*

*Parks ex rel. D.P. v. Comm'r, Soc. Sec. Admin.*, 783 F.3d 847, 850-51 (11th Cir. 2015).[7] "The burden lies with the claimant to prove that he meets or equals a Listing." *Gray ex rel. Whymss v. Comm'r of Soc. Sec.*, 454 F. App'x 748, 750 (11th Cir. 2011) (per curiam) (unpublished) (citing *Barron v. Sullivan*, 924 F.2d 227, 229 (11th Cir. 1991)). However, "the Commissioner of Social Security has an obligation to develop a full and fair record." *Shnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987). *See also Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) (per curiam) ("It is well-established that the ALJ has a basic duty to develop a full and fair record. Nevertheless, the claimant bears the burden of proving that he is disabled, and, consequently, he is responsible for producing evidence in support of his claim." (citations omitted)). "This is an onerous task, as the ALJ must scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts. In determining whether a claimant is disabled, the ALJ must consider the evidence as a whole." *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) (per curiam) (citation and quotation omitted).

When the ALJ denies benefits and the Appeals Council denies review of that decision, the Court "review[s] the ALJ's decision as the Commissioner's final

---

[7] The Court will hereinafter use "Step One," "Step Two," and "Step Three" when referencing individual steps of this sequential evaluation.

decision." *Doughty*, 245 F.3d at 1278. But "when a claimant properly presents new evidence to the Appeals Council, a reviewing court must consider whether that new evidence renders the denial of benefits erroneous." *Ingram*, 496 F.3d at 1262. Nevertheless, "when the [Appeals Council] has denied review, [the Court] will look only to the evidence actually presented to the ALJ in determining whether the ALJ's decision is supported by substantial evidence." *Falge v. Apfel*, 150 F.3d 1320, 1323 (11th Cir. 1998).

### III. *Summary of the ALJ's Decision*

At Step One, the ALJ determined that JDT was an adolescent and had not engaged in substantial gainful activity since the application date, January 13, 2016. (R. 20).[8] At Step Two, the ALJ determined that JDT had the following severe impairments: unspecified disruptive, impulse-control, and conduct disorder. (R. 20). At Step Three, the ALJ found that JDT did not have an impairment or combination of impairments that met, medically equaled, or functionally equaled the severity of a specified impairment in Appendix 1 of the Listing of Impairments, 20 C.F.R. § 404, Subpt. P, App. 1. (R. 20 – 31). In determining that JDT did not functionally equal a Listing, the ALJ found that JDT had no limitations in the domains of moving about and manipulating objects, and of health and physical well-being, and "less than marked limitations" in the remaining 4 domains (*see* R. 20 – 31) – thus failing to satisfy the requirement that a child applicant demonstrate either an

---

[8] "For SSI claims, a claimant becomes eligible in the first month where she is both disabled and has an SSI application on file." *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam) (citing 20 C.F.R. § 416.202–03 (2005)).

"extreme" limitation in one of the domains or "marked" limitations in two. Accordingly, the ALJ found that JDT was not under a disability as defined by the Social Security Act during the relevant adjudicatory period. (R. 31).

## IV. *Analysis*

### A. Teacher Questionnaire

Whitfield first argues that the ALJ reversibly erred in failing to state what weight, if any, was given to a questionnaire completed by Raila Langham, one of JDT's teachers. More specifically, she argues that the "ALJ failed to explain (1) why Ms. Langham's opinion did not support a finding that Plaintiff has a marked impairment in attending and completing tasks or (2) why she gave little weight to this opinion." (Doc. 13, PageID.300).

Only evidence from an "acceptable medical source," as that term is defined in 20 CFR § 416.902, can establish that a child has a medically determinable impairment. Social Security Ruling (SSR) 09-2p, 2009 WL 396032, at *3 & n.12 (Feb. 18, 2009).[9] However, "[e]vidence from other sources who are not medical sources and who know and have contact with the child" – including "educational personnel" such as "teachers" – "can also be very important to … understanding … the severity of a child's impairment(s) and how it affects day-to-day functioning …

---

[9] "Social Security Rulings are agency rulings published under the Commissioner's authority and are binding on all components of the Administration. *Sullivan v. Zebley,* 493 U.S. 521, 531 n. 9, 110 S. Ct. 885, 891 n. 9, 107 L. Ed. 2d 967 (1990). Even though the rulings are not binding on [federal courts], [they are] nonetheless accord[ed] great respect and deference, if the underlying statute is unclear and the legislative history offers no guidance. *B. ex rel. B. v. Schweiker,* 643 F.2d 1069, 1071 (5th Cir. 1981)." *Klawinski v. Comm'r of Soc. Sec.*, 391 F. App'x 772, 775 (11th Cir. 2010) (per curiam) (unpublished).

Therefore, [the Commissioner] will consider evidence from such non-medical sources when … determin[ing] the severity of the child's impairment(s) and how the child typically functions compared to children of the same age who do not have impairments." *Id.* at *4. *See also* 20 C.F.R. § 416.924a(a)(2). Nevertheless, "opinions from individuals who are not acceptable medical sources are not entitled to deference or special consideration." *Everett v. Soc. Sec. Admin., Comm'r*, 777 F. App'x 422, 425 (11th Cir. 2019) (per curiam) (unpublished) (citing 20 C.F.R. §§ 416.902(j), 416.913(a)(4), 416.927(f)).

The ALJ stated at the end of her decision that, in general, she had given "some weight to the observations of [JDT]'s teachers[,]" but gave more weight to the opinion of state agency reviewing physician Dr. Harold Veits because "his assessment is more consistent with the longitudinal record as a whole." (R. 31). This is reflected in the ALJ's evaluation of the domain of attending and completing tasks. There, the ALJ specifically discussed Langham's opinion that JDT "had a number of serious problems in this domain" and "that this behavior was a major factor in his problems with completing tasks" (*see* R. 25),[10] but then cited to other record evidence supporting a milder limitation, including Dr. Veit's opinion that JDT had "less than marked limitation in this domain," testimony that JDT enjoyed playing video games and performed chores at home, and medical examinations noting JDT's "alertness, intact attention, intact concentration, and unimpaired concentration…" (R. 25). Ultimately, the ALJ found that JDT had "less than

---

[10] The ALJ also cited Langham's questionnaire in addressing other domains (see R. 24, 28 – 30), which Whitfield does not challenge.

marked limitation" in this domain, thus indicating that she did not give Langham's questionnaire controlling or significant weight on this issue because it was inconsistent with other evidence. *Cf. Sharfarz v. Bowen*, 825 F.2d 278, 280 (11th Cir. 1987) (per curiam) (an "ALJ may reject any medical opinion if the evidence supports a contrary finding"). Because the ALJ's decision adequately demonstrates that she gave due consideration to Langham's questionnaire in addressing the domain of attending and completing tasks , Whitfield's first claim of error is without merit.[11]

## B. Alternative School Setting

Whitfield's second, and final, claim of error is that the ALJ failed to consider evidence indicating that JDT was functioning in an alternative school setting. The undersigned is not persuaded of any error in this regard.

The Commissioner has recognized:

> It is important to determine the extent to which an impairment(s) compromises a child's ability to independently initiate, sustain, and complete activities. To do so, we consider the kinds of help or support the child needs in order to function. *See* 20 CFR 416.924a(b). In general, if a child needs a person, medication, treatment, device, or structured, supportive setting to make his functioning possible or to improve the functioning, the child will not be as independent as same-age peers who do not have impairments. Such a child will have a limitation, even if he is functioning well with the help or support.

---

[11] Moreover, Whitfield has argued only that Langham's questionnaire supports finding a marked limitation in the domain of attending and completing tasks. (*See* Doc. 13, PageID.300). Even if the ALJ did err in failing to find a marked limitation in this one domain, the error would be harmless, since the ALJ found no marked limitation in any other domain, two marked limitations are required for a finding of disability at Step Three, and Whitfield has shown no other error by the ALJ.

> The more help or support of any kind that a child receives beyond what would be expected for children the same age without impairments, the less independent the child is in functioning, and the more severe we will find the limitation to be. For example:
>
> …
>
> • A 14-year-old child who has a serious emotional disturbance may be given "wrap-around services" that include the services of an adult who supervises the child at school. With these services, the child attends school, participates in activities with other children, and does not take any actions that endanger himself or others. However, the degree of "extra help"[16] the child needs to function demonstrates a limitation in at least the domains of "Interacting and relating with others" and "Caring for yourself."

SSR 09-1p, 2009 WL 396031, at *6-7. Because "details about the child's performance in school and other settings (for example, how well the child is performing) are important components of [the Commissioner's] analysis[,]" the Commissioner "will consider the kinds and levels of the support the child receives" in an education setting – i.e., whether the child is in "regular classrooms," "alternative schools," or some other level of "alternative placement." SSR 09-2p, 2009 WL 396032, at *9-10.

JDT's mother testified at the ALJ hearing that JDT was attending Pointe Academy, an alternative school, at the time because JDT had been ""kicked … out" of Blount High School. (R. 49). However, JDT's mother also testified that JDT (1) had been expelled for fighting rather than academic performance (R. 49), (2) was not receiving "any kind of special services through" Pointe (R. 42), (3) had not been receiving any "alternate programs or alternate school schedules" (R. 50) at Blount, and (4) was not on an individualized education program (IEP) (R. 44). The mother

also testified that JDT's placement at Pointe was anticipated to be temporary, with JDT being permitted to return to the previous high school in January 2018 so long as JDT was "not getting into no trouble or anything like that…" (R. 49). Whitfield has cited no record evidence indicating that Pointe was providing JDT was receiving kinds or levels of educational services or support different from those he was receiving at his other schools. Accordingly, Whitfield has failed to show that JDT's placement at an alternative school was a material consideration under SSR 09-2p.

Whitfield has not shown any reversible error in the ALJ's decision; therefore, the Commissioner's final decision denying JDT's application for SSI is due to be **AFFIRMED**.

## V.  *Conclusion*

In accordance with the foregoing analysis, it is **ORDERED** that the Commissioner's final decision denying JDT's January 13, 2016 application for SSI is **AFFIRMED** under sentence four of 42 U.S.C. § 405(g).

Final judgment shall issue separately in accordance with this order and Federal Rule of Civil Procedure 58.

**DONE** and **ORDERED** this the 31st day of January 2020.

>  */s/ Katherine P. Nelson*
>  **KATHERINE P. NELSON**
>  **UNITED STATES MAGISTRATE JUDGE**